NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 1 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ZULMA ELIZABETH RODRIGUEZ
ARRIOLA; et al.,

               Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   18-72782

Agency Nos.   A208-306-803
                  A208-306-804
                  A208-306-805

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 1, 2023[**]
San Francisco, California

Before: FRIEDLAND, BADE, and KOH, Circuit Judges.

Zulma Elizabeth Rodriguez Arriola, a native and citizen of Guatemala, and

her two minor daughters (collectively, Petitioners), petition for review of the order

of the Board of Immigration Appeals (BIA) dismissing their appeal from a

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision of the Immigration Judge (IJ) denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. "We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* We deny the petition for review.

1.  Substantial evidence supports the denial of Petitioners' applications for asylum. An asylum applicant "must demonstrate that [s]he has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.*; *see also* 8 U.S.C. § 1101(a)(42).

Substantial evidence supports the BIA's determination that Petitioners did not show the required nexus between any alleged harm and Petitioners' membership in their proposed social group, "members of the Rodriguez Arriola family targeted by gangs." *See Aden v. Wilkinson*, 989 F.3d 1073, 1084 (9th Cir. 2021) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)) (to prevail on asylum claim, applicant must show that the protected ground was "at least one central reason" the applicant was persecuted). As the BIA and IJ recognized, Rodriguez Arriola testified that the gangs targeted and demanded money from all vendors in the market, not just

2

her. Rodriguez Arriola further admitted that the gangs targeted vendors based on the vendor's products and the amount of money the gangs believed they could solicit from the vendor, and not for any other reason. Harm on account of general crime and violence does not establish a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

2. For the same reason, substantial evidence supports the denial of Petitioners' applications for withholding of removal. *See Macedo Templos v. Wilkinson*, 987 F.3d 877, 881–82 (9th Cir. 2021) (to establish entitlement to withholding of removal, applicant alleging harm based on membership in a particular social group must show that membership in the group is "a reason" for the mistreatment).

3. Substantial evidence also supports the denial of CAT relief. An applicant for CAT relief must demonstrate that she "will more likely than not be tortured with the consent or acquiescence of a public official if removed" to her native country. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Petitioners did not put forward evidence compelling the conclusion that it is more likely than not that they will be tortured with the consent or acquiescence of the Guatemalan government. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034–35

3

(9th Cir. 2014) (explaining that "[e]vidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice," or evidence that a government "has been generally ineffective in preventing or investigating criminal activities," without "evidence of corruption or other inability or unwillingness to oppose criminal organizations," is insufficient to establish acquiescence).

**PETITION DENIED.**